Thomas Haley, Appellant, v. T. P. Hollowell, Appellee.

No. 39982.

October 15, 1929.

*C. T. Gibson,* for appellant.

*Frank E. Northrop* and *J. M. C. Hamilton,* for appellee.

De Graff, J.—The grand jury of Pottawattamie County, Iowa, in 1922 returned an indictment against Thomas Haley (petitioner herein) accusing the said Haley of the crime of receiving stolen property, and in said indictment it is further alleged that the said Haley, prior to the commission of the crime charged, had been "more than twice convicted of crime, sentenced to and committed to prison in other states than Iowa for terms of not less than three years each, to wit: That, on the 1st day of September, 1900, in the district court of Custer County, state of Nebraska, at Broken Bow, the said defendant, Tom Haley, under

and by the name of Tom Healy, was convicted of the crime of burglary, and judgment was rendered thereon against him, and the defendant was thereupon sentenced and committed to the state prison of Nebraska for the term of eight years. That, on the 25th day of October, 1911, in the district court of Butler County, state of Nebraska, at David City, the said defendant, Tom Haley, under and by the name of Frank Jones, was convicted of the crime of grand larceny, and judgment was rendered thereon against him, and the defendant was thereupon sentenced and committed to the state prison of Nebraska for a term of one to seven years, under which sentence said defendant served more than three years in said prison. That, on the 28th day of November, 1916, in the district court of Clay County and state of Nebraska, at Clay Center, the defendant, Tom Haley, was convicted of the crime of burglary, and judgment was rendered thereon against him, and the defendant was thereupon sentenced and committed to the state prison of Nebraska for the term of not less than one nor more than three years.''

The defendant Tom Haley was found guilty of receiving stolen property, as charged in the indictment returned by the grand jury of Pottawattamie County; and, in answer to special interrogatories propounded by the court in its instructions, the trial jury found, in their answers to said special interrogatories, that the said Tom Haley had been convicted, sentenced, and committed to the state penitentiary of Nebraska for a period of three years or more, respectively, in each of the cases specifically referred to in the indictment returned in the district court of Iowa in and for Pottawattamie County. Thereupon the defendant was sentenced to an indeterminate sentence of not more than 25 years at the state penitentiary of Fort Madison, Iowa. In brief, the defendant was sentenced under the Habitual Criminal Act of the state of Iowa. This act provides that a person who has been twice convicted of crime, sentenced, and committed to prison, in this or any other state, or once in this state and once at least in any other state, or by the United States, for terms of not less than three years each, upon conviction of a felony, committed in this state, shall be deemed to be an habitual criminal. Section 13400, Code of 1927. Such person shall be punished by imprisonment in the penitentiary for a term of not more than 25 years.

The legal problem presented by this appeal finds easy solution. When a defendant is sentenced by the court in this state to the penitentiary under an indeterminate sentence, the statute is the vital factor. The maximum period prescribed by the statute controls. As said in *Adams v. Barr*, 154 Iowa 83:

"* * * it is to this statute [indeterminate sentence] and not to the mittimus, to which the warden must look to ascertain the period of time for which he may keep him [the defendant] in custody."

See *State v. Korth*, 204 Iowa 667; *State v. Bird*, 207 Iowa 212.

A defendant sentenced under that statute will remain for the period defined by law, less "good time," or unless some duly and legally constituted agency intervenes, such as the board of parole. The period of time which a defendant, under a sentence imposed, actually serves in a penal institution is not in any sense controlling or material, under the instant facts.

In the case at bar, the indictment was quite specific in its allegations as to the prior convictions of the petitioner herein. No question can arise, under said indictment, that he was properly charged with being an habitual criminal. It is the contention of the appellant that the allegation in the indictment that the defendant was sentenced to a period of from one to seven years under one of the prior judgments entered against him is not an allegation that he was sentenced for a period of not less than three years. This is fallacious, for the simple reason that the defendant might have served the full seven years. It is not the actual time served, as herein stated, that determines the question. In brief, under the allegations of the indictment in the case at bar, read in the light of the language of Section 13400, heretofore substantially quoted, there is no basis whatever for the contention of the petitioner. To place any other construction than as herein defined would make meaningless the language of the Habitual Criminal Act of this state.

The trial court was correct in its ruling, and the writ of habeas corpus prayed for by the petitioner was properly denied. The judgment entered is—*Affirmed*.

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.