STATE *vs.* GENNARO U. D'AMICO.

FEBRUARY 9, 1961.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an indictment charging the defendant with escape. The case is before us on his exception to the decision of the superior court overruling his demurrer to the indictment and also on his exception to the action of said court sentencing him after accepting his plea of nolo contendere.

The defendant was serving a sentence of twenty years under a certain indictment and at the expiration of such sentence he was to begin serving an additional sentence of

five years under another indictment. While serving the first sentences and while confined in the maximum custodial unit of the adult correctional institutions he escaped. He was thereupon indicted for violating G. L. 1956, §11-25-2, the pertinent portions of which read as follows:

"Assault or escape by maximum custodial unit inmate.—Every prisoner confined in the maximum custodial unit of the adult correctional institutions * * * who shall * * * escape, shall be sentenced by the court to a term of imprisonment in the adult correctional institutions for not less than one (1) year nor more than twenty (20) years, except where the original sentence was imprisonment for life, said term to commence from the expiration of the original term of such prisoner."

The defendant demurred to the indictment on constitutional grounds. After hearing thereon the superior court overruled the demurrer. Thereafter defendant entered a plea of nolo contendere and he was subsequently sentenced under §11-25-2 to the adult correctional institutions for a term of seven years, said sentence to begin at the expiration of the second of the two consecutive sentences which had been previously imposed upon defendant on the two other indictments.

The defendant's first exception is based on his contention that the superior court erred in overruling his demurrer. Although the state has not objected, we feel that orderly procedure compels us to point out that this exception is not properly before us. By entering a plea of nolo contendere the defendant waived whatever right he may have had to have said exception considered here upon a bill of exceptions. *In Re Lanni*, 47 R. I. 158. As was said in the latter case at page 161:

"Our conclusion is that under the statute it is only after a verdict of conviction, or after the denial of his motion for a new trial, that the respondent in a criminal case is permitted to file a bill of exceptions. By availing himself of the permission to enter a plea of

*nolo contendere* this respondent waived his right to go to trial, and thereby waived whatever right he may have had to have his exceptions to rulings of the Superior Court considered here upon a bill of exceptions." Exception one is therefore overruled.

Under his second exception defendant excepts to the sentence imposed by the superior court. While there is some doubt as to whether such an exception is proper under the statute, in view of the fact that the state has not raised any objection we shall consider the exception as proper for the purposes of this case only. In so doing we point out that our action is not to be construed as approval of defendant's procedure. It seems to us that the questions raised under the instant exception could more properly be raised by certiorari.

Under said exception defendant contends that the superior court erred in sentencing defendant after accepting his plea of nolo contendere without expressly finding him guilty as charged.. There is no merit to such contention. An express finding of guilt before the imposition of sentence is not required in such circumstances. *Barker* v. *Almy*, 20 R. I. 367, 369. Moreover the sentencing is equated to a judgment of conviction. See *Pedorella* v. *Hoffman*, 91 R. I. 487, 165 A.2d 721.

Finally, under the second exception, defendant contends that the superior court erred in construing §11-25-2 to mean that defendant's seven-year sentence was to commence at the expiration of his five-year sentence. The pertinent language of §11-25-2 is as follows: " * * * said term to commence from the expiration of the original term of such prisoner." The defendant contends that the quoted words mean that the sentence imposed upon a defendant for violating §11-25-2 must begin to run immediately after the expiration of whatever single sentence the prisoner was serving at the time of his escape, even though the prisoner was then serving the first of two consecutive sentences and even

though it would mean that the escape sentence would run concurrently with the second of the two consecutive sentences.

We disagree with defendant's interpretation of that act. In enacting escape statutes legislatures are dealing primarily with problems involving penal discipline. The clear purpose of such statutes is to deter escapes. In carrying out such purpose the legislature clearly intended to insure the imposition of additional punishment for the crime of escape, independent of any other sentence under which a prisoner was serving or being held.

In our opinion the legislature used the words "original term" in §11-25-2 to mean the aggregate term of consecutive sentences under which the prisoner was being held at the time of the escape and it was the legislative intent that the escape sentence was to begin at the expiration of the last of such consecutive sentences. There is nothing in the language of the act from which it can be reasonably inferred that the legislature intended that the escape sentence was to run concurrently with any other sentence under which the prisoner was being held at the time of the escape. We believe that the reasoning of the majority in *United States* v. *Brown,* 333 U.S. 18, which involved the Federal Escape Act, applies with equal force to the case at bar. Exception 2 is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel for State.

*Aram K. Berberian,* for defendant.