## STATE v. WILLIAM ROGER HARPER.

(Filed 28 April, 1965.)

**1. Escape § 1—**

A warrant charging that the defendant named did unlawfully escape from a named prison in charge of a named official while the defendant was serving a sentence for a specified crime upon conviction at a specified term of the Superior Court of a named county, *held* sufficient and not subject to objection on the ground that the warrant failed to state the length of the sentence defendant was serving, the number of the defendant's commitment, or the trial docket number of the case in which the commitment was issued.

**2. Criminal Law § 133—**

The trial judge has no discretion to make the sentence for escape run concurrently with the prisoner's other sentences, it being mandatory under the statute that the sentence for escape begin at the expiration of any and all of the sentences theretofore imposed upon the defendant. G.S. 148-45, and

the sequence of sentences is a matter for the Prison Department, it not being required that the court show in the judgment the docket number.

APPEAL by defendant from *Carr, J.,* January 1965 Session of WAKE.

Defendant was originally tried in the City Court of Raleigh upon a warrant charging him with a violation of G.S. 148-45. From conviction and sentence, he appealed to the Superior Court, where he was again convicted. Defendant moved in arrest of judgment. The motion was overruled, and the court imposed a prison sentence of 90 days to begin at the expiration of the two-year sentence which defendant "is now serving" and which was imposed in Craven County "at the April 1963 Term, Case No. 6157." Defendant appeals, assigning as error the denial of his motion in arrest of judgment.

*T. W. Bruton, Attorney General, and James F. Bullock, Assistant Attorney General, for the State.*
*Lester V. Chalmers, Jr., for defendant.*

PER CURIAM. This appeal presents only the question whether the warrant charged defendant with the crime of escape as defined in G.S. 148-45, the pertinent portions of which statute are as follows:

"(a) Any prisoner serving a sentence imposed upon conviction of a misdemeanor who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment for not less than three months nor more than one year . . ."

The warrant, sworn to on November 18, 1963, alleges:

"(O)n or about the 2nd day of November 1963, in the City of Raleigh, and in Raleigh Township, Wake County, William Roger Harper did unlawfully and wilfully escape from the N. C. State Prison System and the lawful custody of the State Prison Dept. K. B. Bailey being the Superintendent of State Prison at Central Prison, Raleigh, N. C., the particular camp in which the said William Roger Harper was then and there confined while then and there serving a sentence after having been convicted and sentenced for the crime of Breaking and Entering which is a Misdemeanor under the laws of the State of N. C. imposed at the April Term Superior Court, Craven County, . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Defendant contends that the warrant is defective in that it does not allege: (1) the year of defendant's conviction in Craven County; (2) the length of the sentence imposed; (3) the number of defendant's commitment from Craven County; and (4) the trial docket number of the case in which the commitment was issued. Such detailed information is not required to charge an offense under G.S. 148-45. The inclusion of any unnecessary numbers would tend more to proliferate than to repress confusion.

In *State v. Jordan,* 247 N.C. 253, 100 S.E. 2d 497, this Court considered, and held fatally defective, an indictment which merely charged that the prisoner "did unlawfully, wilfully and feloniously escape and attempt to escape from the State Prison System, said prisoner having been previously convicted of escape, against the form of the statute in such case made and provided and against the peace and dignity of the State." Bobbitt, J., writing for the Court, posed these questions:

> "Who had custody of defendant when the alleged escape on January 9, 1957, occurred? Was defendant then serving a sentence imposed upon conviction of a criminal offense? If so, by what court, and on what charge, had defendant been convicted and sentenced? Was the charge a misdemeanor or a felony?" *Id.* at 254, 100 S.E. 2d at 498.

No averment in the indictment purported to answer these inquiries.

The warrant *sub judice* answers all of the above questions. It alleges the following facts, which are sufficient to constitute the offense prohibited by G.S. 148-45: On November 2, 1963, while serving a sentence imposed upon him by the Superior Court of Craven County at the April Term upon his conviction of the misdemeanor of breaking and entering, defendant escaped from the lawful custody of the State prison system, specifically from the custody of K. B. Bailey, the superintendent of the State's Prison (Central Prison) at Raleigh. Although it would have been better for the year of the "April Term" at which the sentence was imposed to have been stated, this omission does not invalidate the warrant. This warrant was verified on November 18, 1963. Obviously, the draughtsman meant the same year, 1963, when he omitted to state the year of the "April Term" referred to therein. The judgment from which defendant appeals verifies this conclusion.

Defendant is likewise without merit in his contention that, in order for the sentence imposed in this case to begin at the expiration of the sentence imposed by the Craven County Superior Court, the docket number of that case is required. The law specifically provides, G.S. 148-45, that any term of imprisonment imposed for an escape, commences "at the termination of any and all sentences to be served in

the State prison system under which the prisoner is held at the time an offense defined by this statute is committed . . ." Therefore, any sentence imposed upon a prisoner for an escape from the State prison system commences at the termination of any and all sentences to be served in the State prison system which sentences have theretofore been imposed upon him. This requirement is mandatory, and in this connection the trial judge has no discretion to make the sentence run concurrently with the prisoner's other sentences. The proper alignment of *escape* sentences, *i.e.*, when they are to begin, is a matter for the Prison Department.

Affirmed.