THORNAL, Chief Justice.
By petition for habeas corpus, the petitioner, Tirko, seeks release from the State Prison.
We glean the facts from the petition and return which has been filed pursuant to the writ which we have issued.
On March 7, 1961, Tirko was convicted o-f a felony. On March 21, 1961, he was sentenced to a term of five years by the Judge of the Criminal Court of Record of Dade County. He was confined in accord with commitment No. A-002557. On September 28, 1961, Tirko was convicted of the crime of escape and sentenced to a term of “one year in the state prison” by the Circuit Judge in Alachua County. For this offense he was held pursuant to commitment No. B-002557. On January 8, 1965, Tirko was again convicted of the crime of escape and sentenced by the Judge of the Criminal Court of Record, Duval County, to a term of “One (1) year, to *698 commence after completion of sentence imposed in Dade County, Florida.” For this crime he was committed under No. C-002557.
It should be noted that the one year sentence from Alachua County followed the five year sentence from Dade County. Under Section 921.16, Florida Statutes, F.S.A., the Alachua County one year sentence would be consecutive to and not concurrent with the five year Dade County sentence. Under applicable gain time credits the Division of Corrections advises that the termination date of these two consecutive sentences was September 12, 1965.
However, reference to the Duval County sentence reveals the stipulation that it was to commence after the completion of the initial five year Dade County sentence. If applied literally this would mean that the escape sentence from Duval County was intended to run concurrently with the escape sentence from Alachua County. As so applied Tirko would have served his time on September 12, 1965.
The solution, however, is not quite so simple. Section 944.40, Florida Statutes, F.S.A., defines and provides a penalty of imprisonment for the crime of escape. The concluding sentence of the cited statute reads:
“The punishment of• imprisonment imposed under this section shall he in addition to any former sentence imposed upon any prisoner convicted hereunder.” (Emphasis supplied)-
We construe the quoted provision to mean that any sentence for escape must run consecutively to any other sentence or sentences to which the offender is subject at the time of the escape. The obvious intent of the Legislature was to prescribe a penalty which would be added to all penalties previously imposed as a deterrent to a prisoner inclined to break jail. This construction is also consistent with the language of the cited section as amended by Chapter 65-224, Laws of Florida, 1965.
The escape sentence imposed in Duval County to begin on completion of the original Dade County sentence, was, therefore, not a proper sentence in view of the statut tory requirement above-quoted. This is so because of the intervening Alachua County sentence for the first escape.
The petitioner admits as much. However, he contends that the Duval County Criminal Court Judge actually intended to extend leniency because of his various claims of hardship and abuse. His position is that the Judge had no intention to require him to serve any additional time. We, of course, have no way of knowing.
The respondent contends that the. Division of Corrections can disregard the restrictive language of the Duval County sentence and apply the statutory language literally. This, the Division has no power to do administratively. The language of the sentence is clear as announced by the Judge. When such is the case the Division of Corrections has no administrative authority to delete any part of it or add any provision to it, even when to do so would more nearly comport with the wording of a statute.
 The sentence imposed by the Du-val County Criminal Court of Record is clearly inconsistent with the requirements of Section 944.40, supra, and it must be set aside. However, this does not mean that the petitioner is entitled to discharge in this proceeding. He is entitled to be presented before the trial judge for a valid sentence. Dean v. State, Fla., 83 So.2d 777. If, as he contends, the trial judge initially intended to grant leniency in his first sentencing, he can do so at re-sentencing. At all events, petitioner, as he requests, is entitled to a valid sentence according to law.
The Duval County sentence is, therefore,' set aside hut the petitioner is remanded to the custody of respondent, who is directed to have him promptly presented before Honorable A. Lloyd Layton, a Judge of the' *699 Criminal Court of Record, Duval County, for the imposition of a proper sentence according to law.
It is so ordered.
THOMAS, ROBERTS, DREW and O’CONNELL, JJ., concur.