Jake E. BERNKLAU, Appellant,

v.

John E. BENNETT, Warden Iowa State Penitentiary, Fort Madison, Iowa, Appellee.

No. 53140.

Supreme Court of Iowa.

Nov. 12, 1968.

Comito, Critelli, McNally & Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Thomas L. Tucker, Deputy County Atty., for appellee.

BECKER, Justice.

This habeas corpus proceedings raises a single issue which turns on the sentencing power of the district court. After trial to the court the writ was quashed. We reverse and remand with order to issue the writ and release the petitioner.

Petitioner was convicted of the crime of forgery on June 4, 1959 and commenced serving his sentence immediately. On March 6, 1963 he was paroled. On September 8, 1963 he violated his parole by leaving the state. On January 16–18, 1964 he was arrested, returned to this state and to prison.

On June 21, 1964 petitioner escaped from prison. He was captured shortly thereafter and on June 30, 1964, was charged with the crime of escape *in connection with the June 21 action*. He was sentenced to five years in prison to commence after his 10-year sentence for forgery had been served.

On October 31, 1964 petitioner was charged with and pled guilty to escape in that he violated his parole by leaving the state on September 8, 1963. (A criminal act under section 745.3, Code of Iowa, 1966.) The court sentenced him to five years in prison and provided: "This sentence shall run concurrently with the sentence to which the defendant plead guilty to the charge of escape in this Court on the 30th day of June, 1964, but to commence at the expiration of the sentence the defendant was serving at the time he violated his parole."

For convenience we set forth a short calendar of events in the footnote.[1]

After petitioner had testified to the foregoing facts and stated he had served all

of his time but had been refused release, petitioner offered the testimony of Charles E. Wilkins, registrar at the Fort Madison Penitentiary. Mr. Wilkins produced the three mittimuses under which petitioner was being held; i. e., 1959, forgery; June 1964, escape; and October 1964, escape by parole violation.

Mr. Wilkins testified that if the petitioner's time was to be figured by giving effect to the portion of the last mittimus ordering the sentence to run concurrently with the prior escape sentence, petitioner's time would have been up some time in the early part of 1967, but if the latter two sentences were figured to run consecutively his time would not be up until November 21, 1968.

The court made no change in the judgment or the last mittimus. Nevertheless, Mr. Wilkins computed the last two sentences to run consecutively with each other. This was done on the basis of a letter from the deputy county attorney for Lee County which was not introduced in evidence and is not before us. Our only direct knowledge of the contents of the letter comes from the transcript:

"Q. You questioned me as to how these sentences were to be served and computed, and I advised you in my capacity as County or Deputy County Attorney, that the sentence of Plaintiff's Exhibit 3 should run in accordance with the statute? A. That's correct."

The executive officers ignored the court's judgment and fixed petitioner's sentence in accordance with their own interpretation of the pertinent statutes. This action was doubtless considered to be authorized by

1. 
| June 4, 1959 | — | Conviction of Forgery—10 years in prison. |
| March 6, 1963 | — | Parole. |
| September 8, 1963 | — | Violated parole. |
| January 16–18, 1964 | — | Arrested and returned to prison. |
| June 21, 1964 | — | Escaped from prison. |
| June 30, 1964 | — | Sentenced to 5 years consecutive to 10 years for forgery. |
| October 31, 1964 | — | Charged with parole violation September 8. Sentenced to 5 years concurrently with 5 years for escape. |

our pronouncements in Adams v. Barr, 154 Iowa 83, 134 N.W. 564, discussed in Division III, infra.

I. This matter involves the extent of the trial court's power in sentencing after a conviction of the crime of escape and construction of the statutes from which that power springs.

The district court's general power to order sentences to run concurrently or consecutively as the court shall determine has been recognized by our decisions and by our interpretation of Code section 789.12. In construing section 789.12 in Dickerson v. Perkins, 182 Iowa 871, 873, 874, 166 N.W. 293, 294, 5 A.L.R. 374, we said:

"Terms of imprisonment upon separate convictions can and do run concurrently. We think this proposition is recognized in practically all jurisdictions. Except for such possibility of the concurrence of terms of imprisonment under two or more convictions, there would have been no occasion for the statute either in its original mandatory form or in its later discretionary form. As already stated, the clear implication of the statute is that such terms may run concurrently, unless the court enter judgment otherwise."

■ In the absence of specific statutes two or more criminal sentences shall run concurrently unless otherwise provided by the court. The court has the power to order sentences to run consecutively. Of course, if the court specifically provides for concurrent sentences such provision would control absent any other statutory inhibition.

II. The foregoing powers of the district court are restricted by specific legislation relating to escape. Section 745.1, Code, 1966, provides:

"If any person committed to the penitentiary or to the men's or women's reformatory shall break such prison and escape therefrom * * * he shall be deemed guilty of an escape from said penitentiary or reformatory and shall be punished by imprisonment in said penitentiary or reformatory for a term not to exceed five years, *to commence from and after the expiration of the term of his previous sentence.*" (Emphasis supplied.)

Section 745.3 provides: "If any person having been paroled from the state penitentiary or state reformatory as provided by law, shall thereafter depart without the written consent of the board of parole from the territory within which by the terms of said parole he is restricted, he shall be deemed to have escaped from the custody within the meaning of section 745.1 and shall be punished as therein provided."

■ The meaning of the foregoing emphasized clause concerns us here. The district court clearly had the power to provide all these sentences should run consecutively, i. e., 10 years, plus 5 years, plus 5 years, total 20 years. It clearly did not have the power to provide all three sentences should run concurrently; i. e., total 10 years. Did it have the power to provide the latter two sentences should run concurrently; i. e., 10 years plus 5 years and 5 years (concurrently), total 15 years? The sentencing judge assumed he had the power. The habeas corpus court decided otherwise. We agree with the sentencing court.

The state argues the court had no power to provide for concurrent sentences under the escape and parol violation charges. If the term "previous sentence" refers to the last previous sentence before the court imposes the current sentence, the State is right. If the term "previous sentence" refers (as petitioner argues) to the previous sentence at the time the escape is perpetrated, the State would be wrong and the sentencing court had the power to act as it did.

An attorney general's opinion issued on October 3, 1961 concerns a somewhat analogous situation. The prisoners escaped and while at large committed another fel-

ony. Before return to face the escape charge, they pled guilty to information charging such felony. The opinion stated the question and answer as follows:

"The question presented by your request, therefore, is whether the words 'previous sentence' in the above section would include the sentence for a crime committed subsequent to the act of escape when such sentence is entered prior to the sentence for the crime of escape. * * *

"It is therefore our opinion that the escape sentence should not commence until the expiration of the last sentence entered prior thereto, whether or not such sentence is for a crime committed subsequent to the act of escape."

■ The problem here differs from that posed to the attorney general in several respects but the principles to be considered are very similar. Attorney General opinions are not binding on us nor entitled to the weight of precedent, but should be carefully considered. In re Estate of Clausen, 258 Iowa 324, 330, 139 N.W.2d 196 and The Importance and Value of Attorney General Opinions, 41 Iowa Law Review, 351, 360.

■ Here our analysis of the statutes and precedents brings us to conclusion different from that arrived at by the attorney general. We do not find the pertinent portion of section 745.1 is so clear as did the attorney general. "Previous sentence" must refer to a specific sentence.[2] The statute is silent as to whether reference is to the sentence being served at time of escape or to all sentences imposed prior to the act of the sentencing court.

■ The purpose of the clause is to assure that if a prisoner escapes he must serve time additional to the sentence he is serving when he breaks out. No circumstances will allow the sentencing court to mitigate the punishment by providing for a

sentence to run concurrently with the sentence or sentences being served when he escapes. Basic power is in the sentencing court to provide for concurrent sentences either directly or by silence, Dickerson v. Perkins, supra. We interpret the limiting clause of section 745.1 to refer to the previous sentence at the time of escape, rather than at time of subsequent sentencing. This is not to say the trial judge could not have ordered all three sentences to run consecutively. He obviously could so order but he was not compelled to do so by virtue of the concluding clause of section 745.1.

We have found or been cited to few precedents from other states. Those precedents were decided under somewhat different statutes and under different fact situations but they all reach the same conclusion reached here. Tirko v. Wainwright, Fla., 178 So.2d 697 is perhaps the closest in point. There the statutes read: *"'The punishment of imprisonment imposed under this section shall be in addition to any former sentence imposed upon any prisoner convicted hereunder.'* (Emphasis supplied.)

"We construe the quoted provision to mean that any sentence for escape must run consecutively to any other sentence or sentences to which the offender is subject at the time of the escape. The obvious intent of the Legislature was to prescribe a penalty which would be added to all penalties previously imposed as a deterrent to a prisoner inclined to break jail. This construction is also consistent with the language of the cited section as amended by Chapter 65–224, Laws of Florida, 1965." See also State v. Harper, 264 N.C. 354, 141 S.E.2d 475 and State v. D'Amico, 92 R.I. 194, 167 A.2d 542.

■ Our independent conclusion, interpreting our own Code section 745.1, is that the escape statute requires imposition of a sentence which shall be consecutive to all sentences for which defendant is serving

---

2. If the prisoner is serving several sentences to be served consecutively these sentences are treated as one. See section 789.14, Code, 1966.

time when he escapes. Code section 789.13 allows, but does not require, the escape sentence to be imposed to run concurrently with any other sentence imposed after the escape in question.

III. The appropriate prison officials, following the deputy or assistant county attorney opinion, and the 1961 attorney general opinion, ignored the plain import of the trial court's judgment and mittimus. Precedent for this action can be found in this court's prior opinions relating to the Indeterminate Sentencing Act, Code of Iowa, 1966, section 789.13. In Adams v. Barr, 154 Iowa 83, 86, 134 N.W. 564, considering the impact of the Indeterminate Sentence Law on a court's judgment, we said:

"When the record shows the offense of which he has been convicted, and that is adjudged to suffer imprisonment in the penitentiary, the statute controls the period or term of his restraint, and it is to this statute, and not to the mittimus, to which the warden must look to ascertain the period of time for which he may keep him in custody. It follows that the first proposition advanced by the appellant cannot be sustained."

This statement was approved in Haley v. Hollowell, 208 Iowa 1205, 227 N.W. 165. Our repeated statements holding that where the Indeterminate Sentence Law applies sentencing must be under the act are exhaustively reviewed in Cave, Keener v. Haynes, 221 Iowa 1207, 268 N.W. 39. The instruction to penal officials to look to the statute rather than the court's judgment has not been repeated after and has been confined to the Indeterminate Sentence Act. This position was apparently taken in view of the plain wording of section 789.13 which provides that the district court shall not have the power to sentence in any other manner and the maximum sentence shall apply where a prison term is involved. Except in the foregoing area, neither the legislature by statute nor this court by decision has ever given administrative officers the rights to ignore the plain wording of a court order or mittimus based thereon.

■ Except where clearly authorized under the Indeterminate Sentencing Act and the foregoing cases, the court's order should be followed. If it is to be changed it should be changed by the court making the order or by this court.

In Dickerson v. Perkins, 182 Iowa 871, 873, 874, 166 N.W. 293, 294 we said: "If the judgment be not so rendered, the statute confers no power upon any other official to hold the custody of the convict beyond the term that appears upon the face of the judgment. * * * As already stated, the clear implication of the statute is that such terms may run concurrently, unless the court enter judgment otherwise. Under our present statute, a mittimus consists of a mere certified copy of the judgment. The warden, therefore, acquired no authority under the mittimus which did not appear in the judgment."

The rule set out in Tirko v. Wainwright, supra, is correct: "The respondent contends that the Division of Corrections can disregard the restrictive language of the Duval County sentence and apply the statutory language literally. This, the Division has no power to do administratively. The language of the sentence is clear as announced by the Judge. When such is the case the Division of Corrections has no administrative authority to delete any part of it or add any provision to it, even when to do so would more nearly comport with the wording of a statute."

Ordinarily, if the trial court order or mittimus is deemed illegal or incorrect the proper forum for correction is the issuing court or this court. It is therefore ordered that the writ of habeas corpus shall issue. Reversed and remanded.

All Justices concur.