PER CURIAM.
The appellant brings timely appeal from his conviction on a charge of escape. The public defender appointed to Rowe’s case filed a brief on the appellant’s behalf in which the public defender states that there is no arguable grounds for appeal. The public defender requests leave to withdraw as counsel of record, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
We have reviewed the record on appeal and concur in the public defender’s assessment of the grounds available to the appellant. We do note, however, that the appellant was sentenced to a term of five years “ . . . [t]o run concurrent with sentence imposed. . . . ” in the cause for which he was incarcerated in the first instance. Section 944.40, Florida Statutes provides, inter alia:
The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner. (Emphasis supplied)
Our supreme court has held that the said provision is mandatory. Tirko v. Wainwright, Fla.1965, 178 So.2d 697. Accordingly, the sentence is set aside and the cause remanded for prompt imposition of a proper sentence according to law.
HOBSON, A. C. J., and McNULTY and BOARD MAN, JJ., concur.