STATE OF NEBRASKA, APPELLEE, V. VICTOR LUNA, APPELLANT.
319 N.W.2d 737

Filed May 21, 1982. No. 44259.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Victor Luna, defendant-appellant herein, appeals from convictions and sentences entered by the District Court of Nebraska, Fourth Judicial District, in and for Douglas County, following a jury trial. Luna was charged in an amended information with one count of first degree assault, in violation of Neb. Rev. Stat. § 28-308 (Reissue 1979); one count of second degree assault, in violation of Neb. Rev. Stat. § 28-309(1)(a) (Reissue 1979); and with being an habitual criminal under Neb. Rev. Stat. § 29-2221 (Reissue 1979). The defendant entered a plea of not guilty to the counts alleged in the information. Luna was found guilty of first degree assault under count I; not guilty of second degree assault, but guilty of the lesser-included offense of third degree assault under count II. Thereafter, in a separate proceeding, the defendant was found to be an habitual criminal. Subsequently, the trial court sentenced Luna to 8 months' imprisonment in the Douglas County Correctional Center on count II and to a term of from 20 to 30 years' imprisonment in the Nebraska Penal and Correctional

Complex on the first degree assault and habitual criminal charges.

Luna has appealed from the judgment and sentence of the District Court, alleging that the habitual criminal charge filed against him should have been dismissed for the reason that there was insufficient evidence to establish that he met the statutory definition of an habitual criminal. Luna has not contested his guilt on the assault convictions. We find defendant's claim to be without merit and affirm the trial court.

Section 29-2221, the Nebraska habitual criminal act, provides in pertinent part: "(1) Whoever has been *twice convicted of crime, sentenced and committed* to prison, in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, *for terms of not less than one year each,* shall, upon conviction of a felony committed in this state, be deemed to be an habitual criminal, and shall be punished by imprisonment in the Nebraska Penal and Correctional Complex for a term of not less than ten or more than sixty years . . . .

. . . .

"(3) If the person so convicted shall show to the satisfaction of the court before whom such conviction was had that he was released from imprisonment, upon either of such sentences, *upon a pardon granted for the reason that he was innocent, such conviction and sentence shall not be considered* as such under sections 29-2221 and 29-2222." (Emphasis supplied.)

In the present case, the evidence adduced at trial to prove the existence of the defendant's prior felony convictions consists of the accused's oral testimony and certified records of convictions from Idaho and Oregon. During direct examination by his counsel, the following testimony was elicited from defendant: "Q. You have a felony conviction, you have some

felony convictions in your past; is that right? A. Yes. I do have two. Q. None of them are of a violent nature? A. No, sir. Q. Do you recall what the charges were? Burglary? A. Burglary and arson. Q. Do you remember when these were, about, what years they were, just to your best estimate. A. Between 1970 and 1972.''

In addition, the State offered into evidence certified copies of defendant's 1971 conviction in Idaho for first degree burglary and his 1972 conviction in Oregon for first degree arson. These records reveal that defendant has used several aliases in the past and that he was tried, convicted, and sentenced in Idaho and Oregon under the names of Bernardo Torres and Arron H. Perez, also known as Yograir Sinclair.

In Idaho, defendant was sentenced ''for an indeterminate period of time, not to exceed five (5) years . . .'' to the State Board of Correction. In Oregon, he was sentenced to the Corrections Division at the State Penitentiary ''for a period without limitation of time, the maximum of which is hereby fixed at eight (8) years . . . .''

At trial, defense counsel objected to the admission of these conviction records on the basis they lacked relevancy. The trial judge reserved ruling upon the objection until further foundational testimony was presented to establish identity. A qualified expert in fingerprint identification subsequently testified that he made a comparison of defendant's known prints with the fingerprint cards from the alleged prior convictions. Based upon the comparison, it was the expert's opinion that the fingerprints on all the cards were made by the same person and matched the known prints of the defendant. Although the trial court failed to specifically state that it overruled the objection to the admission of the records, it is obvious that the expert's evidence and all relevant exhibits were admitted by the trial court when it held:

"Upon consideration of the evidence adduced at the hearing today and on March 17th, also taking judicial notice of the testimony adduced by the defendant on direct and cross examination at the time of trial of the cause, the Court finds that the defendant is, as set out in Count 3 of the Amended Information, a habitual criminal . . . ."

In the prosecution of an alleged habitual criminal, the evidence relating to previous convictions must be relevant and material to the charge of recidivism. It is well established that the existence of a prior conviction and the identity of the accused as the person convicted may be shown by any competent evidence, including the oral testimony of the accused and duly authenticated records maintained by the courts or penal and custodial authorities. See cases collected at 39 Am. Jur. 2d *Habitual Criminals, etc.* § 26 (1968). This court has also stated that fingerprint identity testified to by a qualified expert is perhaps the best known method of the highest probative value in establishing identification. *State v. Pena,* 208 Neb. 250, 302 N.W.2d 735 (1981).

To hold the objection was not overruled and the records of the prior convictions were not admitted merely because the trial judge failed to incant words such as "objection overruled, exhibits received," would, under the circumstances of this case, be to make a meaningless game out of the pursuit of justice. We refuse to do so and hold that the records of prior convictions were properly received in evidence.

The question thus becomes whether the evidence establishes that defendant is an habitual criminal. In *State v. Nance,* 197 Neb. 257, 248 N.W.2d 339 (1976), we held that the essential elements which an information must contain for a charge under the habitual criminal act are that said person has been (1) twice previously convicted of crime, (2) sen-

tenced, and (3) committed to prison for terms of not less than 1 year each.

The habitual criminal act is not a separate offense but, by its terms, provides for the enhancement of the sentence on the principal charge with a minimum sentence of 10 years and a maximum sentence of 60 years for each conviction committed by one found to be an habitual criminal even though, absent conviction as an habitual criminal, the minimum or maximum sentence might be less. *State v. Rolling,* 209 Neb. 243, 307 N.W.2d 123 (1981); *State v. Journey,* 201 Neb. 607, 271 N.W.2d 320 (1978); *State v. Gaston,* 191 Neb. 121, 214 N.W.2d 376 (1974).

The question appears to be one of first impression for this state. However, it is clear the fact that the Idaho and Oregon sentences and commitments do not set a minimum of at least 1 year does not disqualify them from consideration in determining whether defendant is an habitual criminal. The statute provides only that a pardon on the basis of innocence results in the exclusion of a conviction and commitment of at least a year. No showing was made that defendant was pardoned by either Idaho or Oregon for any reason whatsoever.

We agree with the rationale of *Haley v. Hollowell,* 208 Iowa 1205, 227 N.W. 165 (1929), that a prior sentence of 1 to 7 years' imprisonment satisfied Iowa's habitual criminal statute's requirement that a prior sentence be for a term of "not less than three years," inasmuch as the defendant "might have served the full seven years." We find no error in this case. The proceedings before the trial court were fair and reasonable and established defendant's identity as an habitual offender. We determine that the judgment of the trial court must be affirmed.

AFFIRMED.