Donald J. HEMPHILL, Appellee,

v.

Lavon MONTGOMERY, As Clay County Treasurer, and Clay County, Iowa, Appellants.

No. 95–150.

Supreme Court of Iowa.

May 22, 1996.

Patrick M. Carr, Assistant County Attorney, for appellants.

Donald J. Hemphill of Hemphill Law Office, Spencer, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

The plaintiff, Donald Hemphill, owns real estate in Spencer, Iowa, which was offered at tax sale in 1987 pursuant to Iowa Code section 446.7 (1987). Because no private bids were received at the sale, the county purchased the property pursuant to section 446.19. The county received a tax sale certificate. *See* Iowa Code § 446.29.

In May 1993 the county treasurer served a notice on Hemphill advising him that his right to redeem the property would expire in ninety days. *See* Iowa Code § 447.9 (1987). The stated amount required to redeem was $54,372.35.

Hemphill disputed the county's figures and filed a petition for declaratory judgment. He redeemed the property in March 1994 for $61,156.96, but he sought a refund based on his claim that the treasurer failed to limit the accrued interest pursuant to Iowa Code section 445.20 (1987).

The district court found in favor of Hemphill on that issue and directed the treasurer to refund him $7648.10 plus interest. The court found that the forty-eight percent limitation on the accrual of penalties for unpaid taxes under Iowa Code section 445.20 applied to the penalties and interest that had accrued after the tax sale pursuant to Iowa Code section 447.1.

The district court found against Hemphill on his claim that Iowa Code section 446.37 required the cancellation of a tax sale certificate held by the county after the passage of five years from the tax sale.

## I. *The Application of Iowa Code Section 445.20.*

■ Iowa Code section 445.20 provides:

Penalties at the rate prescribed by law shall accrue on unpaid taxes *but the penalty on unpaid taxes shall not exceed forty-eight percent.*

(Emphasis added.)

Iowa Code chapter 447 provides for an owner's redemption of property sold for delinquent taxes under chapter 446. In order to redeem, the property owner is required to pay all delinquent taxes and other costs due on the property:

Real estate sold under this chapter and chapter 446 may be redeemed at any time before the right of redemption is cut off, by the payment to the treasurer, to be held by the treasurer subject to the order of the purchaser, of the amount for which the real estate was sold and four percent of the amount added as a penalty, *with three-quarters percent interest per month on the sale price* plus the penalty from the date of sale, and the amount of all taxes, interest, and costs paid by the purchaser or the purchaser's assignee for any subsequent year, the similar penalty added as before on the amount of the payment for each subsequent year, and three-quarters percent per month on the whole amount from the date of payment.

Iowa Code § 447.1 (emphasis added).

Hemphill argues, and the district court held, that interest computed on the "sale price" under this section was subject to the forty-eight percent limitation of section 445.20. However, the interest limitation of section 445.20 applies only to "unpaid" taxes. We believe that the past due taxes were effectively paid, for interest accrual purposes, when the county purchased the property at the tax sale.

We need not go beyond the clear wording of sections 445.20 and 447.1 to reach this conclusion. If we were to apply principles of statutory construction, we would look to the consequences of the plaintiff's proposed interpretation. *See* Iowa Code § 4.6(5). If the forty-eight-percent limitation on recoverable interest were to be applied to a redemption under section 447.1, it would be a disincentive to private investors to purchase property at a tax sale because they might not be allowed to recover the full value of the use of their money.

For these reasons, we reverse on the court's interpretation of sections 445.20 [1] and 447.1.

## II. *Cancellation of the County's Tax Sale Certificate.*

 On his cross-appeal, Hemphill argues that, under section 446.37, the county's tax sale certificate must be canceled because the county took no action to obtain a tax deed within the five years following the tax sale.

Section 446.37 of the 1987 Code provided: After five years have elapsed from the time of any tax sale, and action has not been completed during the time which qualifies the holder of a certificate to obtain a deed, the county treasurer shall cancel the sale from the tax sale index and tax sale register.[2]

The district court found that the county was not required to cancel the tax sale certificate after five years, relying principally on opinions of the attorney general.

For approximately fifty years, the attorney general has ruled that the five-year limit of section 446.37 does not apply to a county. 1990 Op.Iowa Att'y Gen. 80 (7/3/90 letter to Kevin Parker); 1983 Op.Iowa Att'y Gen. —— (9/15/82 letter to Richard B. Maher); 1978 Op.Iowa Att'y Gen. 233 (8/31/77 letter to William E. Kelso); 1970 Op.Iowa Att'y Gen. 160 (5/8/69 letter to Samuel O. Erhardt); 1946 Op.Iowa Att'y Gen. 114 (11/14/45 letter to C.B. Akers). The 1946 opinion stated:

The state and its agencies are not to be considered as within the purview of a statute, however general and comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication. This general doctrine applies with especial force to statutes by which prerogatives, rights, titles, or interests of the state would be divested or diminished; or liabilities imposed upon it; but the state may have the benefit of general laws, and the general rule has been declared not to apply to statutes made for the public good, the advancement of religion and justice, and the prevention of injury and wrong.

 Opinions of the attorney general are not binding on this court. *E.g., Bernklau v. Bennett,* 162 N.W.2d 432, 436 (Iowa 1968). However, relying on those opinions for approximately fifty years, treasurers have consistently followed the practice of not canceling tax sale certificates held by the county. In analogous cases involving agencies, we have held that an interpretation of a statute by an agency charged with its implementation is evidence of the compatibility of the interpretation with legislative intent, particularly if it has stood for a long time without legislative intervention. *See, e.g., Churchill Truck Lines, Inc. v. Transportation Regulation Bd.,* 274 N.W.2d 295, 297–98 (Iowa 1979); Iowa Code § 4.6(6) (administrative construction of statute relevant in interpretation).

We agree that Iowa Code section 446.37 does not require cancellation of a tax sale certificate held by a county and therefore affirm on the cross-appeal.

**REVERSED ON APPEAL; AFFIRMED ON CROSS–APPEAL.**

---

**1.** Iowa Code § 445.20 was repealed in 1991. *See* 1991 Iowa Acts ch. 191, §§ 123, 124.

**2.** This statute has now been amended to expressly exclude the county from its cancellation requirement. *See* Iowa Code § 446.37 (1995).