## MIEIR v. MCMILLAN.

1. **Judgment:** TERMS OF IMPRISONMENT: CRIMINAL LAW. Where a party held under two indictments pleaded guilty upon both and was sentenced upon each to one year in the penitentiary, and it was not provided in either judgment which term of imprisonment should commence first, nor that one term should commence at the expiration of the other, but the *mittimus* in the case in which judgment was last entered provided that the term of imprisonment in that case should commence at the expiration of the first, *held*, that both terms would not run concurrently, but one should commence at the expiration of the other. SEEVERS, J., *dissenting*.

Mieir v. McMillan.

*Appeal from an order of Mr. Justice Beck.*

THURSDAY, JUNE 5.

THE plaintiff is a convict in the Iowa penitentiary. The defendant is the warden of the penitentiary. The plaintiff applied for and obtained a writ of *habeas corpus*, for the purpose of testing the legality of his imprisonment. The facts from which the legality of his imprisonment is to be determined appear from the petition and answer, and are as follows: Two indictments were found against the petitioner by the same grand jury. He pleaded guilty upon both indictments, and was sentenced upon each to one year's imprisonment in the penitentiary, both sentences being pronounced upon the same day, and judgment entered. It was not expressly provided in either judgment as to which term of imprisonment should commence first, nor that one term should commence at the expiration of the other. But the *mittimus* in the case in which judgment was last rendered provided that the term of imprisonment in that case should commence at the expiration of the term of imprisonment in the first. The first term has expired, but the second has not. The case was heard before Mr. Justice BECK, who ruled that the petitioner was rightly restrained, and refused to discharge him. He appeals.

*Bolton & McCoy,* for appellant.

*Van Valkenburg & Hamilton,* for appellee.

ADAMS, J.—Section 4508 of the Code is in these words: "If the defendant is convicted of two or more offenses before

1. JUDGMENT: terms of imprisonment: criminal law.

judgment on either, the punishment of which is or may be imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any of the other offenses."

It is insisted by the appellant that judgment was not so rendered that imprisonment for one offense should commence at the expiration of the imprisonment for the other, and that, such being·the fact, either the two terms must be considered as running concurrently, or the judgment in the second case must be regarded as void.

As to the first proposition it is sufficient to say that two terms of imprisonment cannot, in the nature of things, run concurrently, and the only effect of considering it so would be to remit one term.

The remaining question is as to whether the judgment in the second case is void. It is insisted by the appellant that in construing a criminal statute nothing is to be made out by inference; that a term of imprisonment must commence forthwith, if there is no other term; that if it cannot commence forthwith, by reason of one or more intervening terms, it cannot commence at all, unless it is expressly provided in the judgment, in accordance with the statute, that it shall commence at the expiration of some other term, which was not done in this case.

Section 4513 of the Code provides that "if the judgment be imprisonment  *  *  *  the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment be complied with or the defendant discharged by due course of law." This section is applicable to every judgment of imprisonment that is rendered. It follows by necessity that if there is more than one they must follow in immediate succession. The order is not expressly determined. But the judgment first rendered should, in the absence of any provision to the contrary, be first complied with. It may be considered as rendered without reference to any other judgment, because there is no other at that time; and the statute provides in effect that the imprisonment shall commence forthwith. The order of the terms, then, unless otherwise provided by the court, must be regarded as determined by the order in which the judgments are rendered.

But the just protection of the defendant may require that this order should be departed from. As, for instance, where the defendant is convicted and sentenced to imprisonment for two offenses, and he appeals from the judgment in the first case and not in the second, and is not able to supersede the execution in the case in which he appeals, his just protection would require that his term of imprisonment upon the first judgment be made to commence upon the expiration of the term upon the second. Section 4508 of the Code allows the court to adopt any order in the terms of imprisonment which in its discretion it deems proper. We think that this was the sole design of the section. With this view the failure of the court to make any specific provision in regard to the order of the terms would not affect the validity of the judgments.

AFFIRMED.

SEEVERS, J., *dissenting.*—Section 4513 of the Code requires that the defendant, upon conviction, be forthwith taken into custody. The evident meaning of this is that the imprisonment shall commence forthwith. This being so what authority has this court, by construction, to say the imprisonment shall commence at a day subsequent to the rendition of the judgment.

But it is said Code, § 4508, contains the requisite authority. That section, however, only applies to the District Court, and the simple question is whether that court has directed the imprisonment in either case to commence at the expiration of the imprisonment in the other. The latter section is precisely like section 4880 of the Revision, except in one important particular. The latter provided that the judgment, where the defendant is convicted of two or more offenses, "shall be so rendered that the imprisonment upon one shall commence at the expiration of the imprisonment upon any other of the offenses." If the court, under this statute, had failed to perform the duty enjoined, could the defendant have been held

except for the longest period prescribed for any one of the offenses? If he could why was the statute enacted?

It has been held in *Allen v. Miller*, 11 Ind., 389, and *James v. Ward*, 2 Met. (Ky.), 271, in the absence of a statute, that the court has no authority to direct that a term of imprisonment shall commence at a future day. It follows, if there is authority conferred by statute, that a failure to exercise it has the same effect as if it never existed.

But this is not all. The Code provides the court "*may*" order the imprisonment to commence at a future day. The change from "shall" to "may" is to my mind significant. The Revision was mandatory; the Code permissive. In the latter a discretionary power is to be found. The District Court must be presumed to have intended what its record shows. Having failed to direct that the imprisonment in either case should commence at the expiration of that in the other, the conclusive presumption is the court intended the imprisonment to run concurrently.

But I am not forced to rely on presumptions. The question is—*First*, one of power and authority, which I concede exists; and, *second*, whether the granted authority has been exercised. It is not claimed that it has.

In my judgment the plaintiff should be discharged.