TOM DICKERSON, Appellant, v. J. R. PERKINS, Appellee.

CRIMINAL LAW:   Judgments, Sentences, Etc.—Contemporaneous Judgments—Concurrent or Successive Running.   Several judgments of conviction for crime run concurrently, even though rendered by courts of different counties, unless the second, or subsequent, judgment provides to the contrary.   (Sec. 5439, Code, 1897.)

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

FEBRUARY 9, 1918.

THIS is a habeas corpus proceeding.   A writ was issued, and a hearing had in the district court.   The plaintiff is a convict in the penitentary at Fort Madison.   The defendant is the warden.   The question involved is whether the .plaintiff's prison term has expired.   The trial court denied his petition, and he appeals.—*Reversed and remanded.*

*John E. Craig,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, and *J. M. C. Hamilton,* County Attorney, for appellee.

EVANS, J.—The plaintiff was committed to the penitentiary under two sentences of imprisonment of five years each.   Indictments for larceny were found against him in the counties of Boone and Dallas.   On October 10, 1913, the district court of Boone County entered judgment against him upon a plea of guilty, and imposed the maximum sen-

tence.  A mittimus was immediately issued, and the judgment was executed by the sheriff of the county, by delivery to the warden of the mittimus and the custody of the defendant.  On November 21, 1913, he was brought from the 'penitentiary to Dallas County, to stand trial upon the indictment there.  On said date, judgment was again entered against him upon a plea of guilty, and the maximum sentence of imprisonment was again imposed.  A mittimus was also issued hereon, and the judgment executed in like manner as before, by the delivery of the mittimus and the custody of the prisoner.  The question in dispute is whether the two sentences ran concurrently from the date of the delivery of the last mittimus and the surrender of the prisoner, or whether the execution of the second sentence should be deemed to have been postponed until the expiration of the term of the first.  Section 5439 of the Code provides:

"If the defendant is convicted of two or more offenses, the punishment of each of which is or may be imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any other of the offenses."

In the Revision of 1860, the section corresponding hereto (Section 4880) provided that, where the defendant is convicted of two or more offenses, the "judgment shall be so rendered that the imprisonment upon one shall commence at the expiration of the imprisonment upon any other of the offenses."  This section was amended, and appears in the Code of 1873 as Section 4508, as follows:

"If the defendant is convicted of two or more offenses [before judgment on either], the punishment of each of which is, or may be, imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any other of the offenses." '

This section was later amended by the elimination of

the words which we have enclosed in brackets. In the case at bar, the judgment in the second case was not "so rendered that the imprisonment upon it should commence at the expiration of the imprisonment" upon the first offense. Needless to say, there was no such provision in the first judgment. There was not, at that time, any other conviction to be considered.

If Section 4508 of the Code of 1873 had not received consideration in an earlier decision of this court, we should have little trouble in construing Section 5439 as supporting the contention of the plaintiff. The clear implication of this section is that terms of imprisonment may be concur-rent. Power is therein conferred upon the court to so render the judgment as to make them otherwise. The power thereby conferred operates, to some extent, as a modification of the requirements of Code Sections 5443 and 5444, which require an immediate execution of the judgment, by delivery of the custody of the defendant to the warden of the penitentiary. The original form of this enactment, as it appeared in the Revision of 1860 with the subsequent amendments thereto, is suggestive. Under Section 4880 of the Revision, as above quoted, it was mandatory upon the court, where two or more convictions were had, to so render the judgment that imprisonment upon one should commence at the expiration of the imprisonment upon another. In the amended statute, as it appears in the Code of 1873, Section 4508, the mandatory requirement was withdrawn, but the power was still conferred upon the court. The conferring of this power of discretion upon the court required it to determine whether the imprisonment upon one sentence should begin at the expiration of the imprisonment upon another. If yea, the judgment must be "so rendered." If the judgment be not so rendered, the statute confers no power upon any other official to hold the custody of the convict beyond the term that appears upon the face of the

judgment. In *Mieir v. McMillan,* 51 Iowa 240, a similar question arose, under Section 4508 of the Code of 1873. It was there held that the sentences did not run concurrently. That holding might, perhaps, have been safely put upon the ground that, in that case, the mittimus issued by the court did specify that imprisonment upon one sentence was to begin at the expiration of the term of imprisonment upon another. But the holding was, in fact, put upon the ground "that two terms of imprisonment cannot, in the nature of things, run concurrently." If such was a tenable ground at that time, it has long ceased to be such ere now. Terms of imprisonment upon separate convictions can and do run concurrently. We think this proposition is recognized in practically all jurisdictions. Except for such possibility of the concurrence of terms of imprisonment under two or more convictions, there would have been no occasion for the statute, either in its original mandatory form or in its later discretionary form. As already stated, the clear implication of the statute is that such terms may run concurrently, unless the court enter judgment otherwise. Under our present statute, a mittimus consists of a mere certified copy of the judgment. The warden, therefore, acquired no authority under the mittimus which did not appear in the judgment. It is contended in argument by the State that the implication of concurrent terms is applicable only when the two or more sentences are imposed by the same court. In support of this argument, the case of *Hightower v. Hollis,* 121 Ga. 159, is cited. The case is not wholly in point, and if it were, it does not meet the provisions of our statute. At this point, some significance must be given to the amendment of Section 4508 of the Code of 1873, as indicated by the present form of the statute, Code Section 5439. It will be noted that the words appearing in the statute of 1873 which we have enclosed in brackets in our earlier quotation thereof herein are omitted in

our present statute. The form of the statute of 1873 would warrant the argument that it could apply only to convictions had in the same court. The elimination of the bracketed words broadens the statute greatly, and leaves little room to hold that it is not applicable to the facts of the case before us. If not, no purpose can be conceived for the elimination made. In order to be tried in the Dallas district court, the plaintiff herein was necessarily brought from the penitentiary for the purpose of such trial, upon the order of the court itself. We can conceive of no fair reason, therefore, why the court should not be presumed to take notice of the fact that he was then serving a term upon a previous conviction. The convictions had were for like offenses. The courts wherein he was convicted were of co-ordinate jurisdiction. Maximum sentences were imposed. Whether the term of imprisonment imposed upon the second conviction should run concurrently or not was a proper matter for the consideration of the court, as bearing upon the character and severity of the punishment.

We think, therefore, that a fair construction of the statute requires us to hold it applicable, and that the two sentences imposed upon the plaintiff must be deemed to have run concurrently. In so far as *Mieir v. McMillan*, 51 Iowa 240, runs counter to this view, we cannot approve or follow it. We have no real occasion to overrule it, because of the change of the statute to its present form.

Because the judgment of conviction upon the second offense did not provide that the term of imprisonment thereunder should begin at the expiration of the term of imprisonment upon the other conviction, the terms must be deemed to have run concurrently. The judgment below is, therefore, reversed and the cause remanded.—*Reversed and remanded.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.