JOHN CLARK, Appellant, v. C. H. IRELAND, Appellee.

No. 41661.

JANUARY 17, 1933.

John Clark, *pro se*, and James Lucas, for appellant.

Clifford B. Paul, for appellee.

MITCHELL, J.—The appellant, John Clark, was on March 24, 1927, indicted in three separate indictments, growing out of one seemingly continuous transaction, in the district court of Adair, Iowa. In the first indictment there was a dispute as to whether or not the appellant was charged with the crime of larceny of poultry or of larceny from a private building in the nighttime. The second

indictment charges the appellant with the crime of larceny of a motor vehicle; and the third indictment charges the appellant with the crime of assault with intent to commit murder.

Appellant pleaded guilty on February 27, 1928, to the three indictments, and the court sentenced the appellant on the first indictment as follows:

"It is the judgment of this court that the defendant, John Clark, be, and he is hereby, sentenced for a term of ten years at hard labor to the Men's Reformatory at Anamosa, Iowa, unless sooner paroled as provided by law, and that he pay the costs of this prosecution."

On the same day, February 27, 1928, the court sentenced the appellant on the indictment charging larceny of a motor vehicle, as follows:

"It is the judgment of the court that the defendant, John Clark, be, and he is hereby, sentenced to the Men's Reformatory at Anamosa, Iowa, at hard labor for a period of ten years, unless sooner paroled as provided by law, said sentence to commence at the expiration of the sentence imposed on said defendant in this court on February 27, 1928, for the crime of larceny."

On the same day the appellant was sentenced by the court on the indictment charging him with the crime of assault with intent to commit murder, as follows:

"It is the judgment of this court that the defendant be and he is hereby sentenced to the Men's Reformatory at Anamosa, Iowa, at hard labor for a period of one year, unless sooner paroled, said sentence to begin at the expiration of the sentence imposed on this defendant on February 27, 1928, for the crime of larceny of a motor vehicle."

On presentation of the petition, a writ of habeas corpus was granted by the trial judge. Appellant was brought before the court in obedience thereto. The appellee, C. H. Ireland, warden, filed a demurrer as follows:

"(1) That the petition shows upon its face that the sentences imposed were by a court having jurisdiction of the defendant and of the offenses charged in the informations.

"(2) That whether the larceny indictment is for larceny of

poultry, for which the penalty is an indeterminate sentence of five years, or for larceny from a building in the nighttime, for which the penalty is ten years, there is no showing that the minimum of five years has expired and that the petitioner is entitled to his liberty.

"(3)   The petition shows upon its face that the sentences for larceny of a motor vehicle and assault with intent to commit murder were imposed to be served after the expiration of the sentence imposed for the larceny of poultry or larceny from a building in the nighttime, and there is no showing or allegation that the first sentence has expired; or if it has expired, that the second sentences have been served and the petitioner is entitled to his liberty.

"(4)   That under the allegation of the petition it is apparent that by no construction of the sentences have they been served, and the petitioner is not entitled to his liberty, and court in this action has no authority to determine when his sentence will expire.

"(5)   That the petition shows upon its face that the petitioner is not entitled to the relief asked, and is not entitled to his liberty and is not entitled to any relief whatever."

The first indictment, to which the appellant pleaded guilty, is as follows:

"The Grand Jury of the County of Adair in the name and by the authority of the State of Iowa, accuses John Clark of the crime of larceny of poultry committed as follows:

"That said John Clark on or about the 3rd day of March, in the year of our Lord one thousand nine hundred and twenty-seven, in the County and State aforesaid, did then and there in the nighttime, on said day, in a certain building of Had Sivage, located in Orient Township, Adair County, Iowa, wilfully, unlawfully and feloniously steal, take and carry away about forty-six hens and one rooster, a more particular description of which is to the Grand Jury at this time unknown, of the aggregate value of $42.00 in lawful money of the United States, being then and there of the personal property, goods and chattels of the said Had Sivage, a more particular statement of the facts constituting the offense herein charged, being to the Grand Jury at this time unknown, all contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Iowa."

The indictment above set out, to which the appellant pleaded guilty, charged the appellant with the crime of larceny in the night-time from a private building. It is clear that this offense is charged, rather than that of plain larceny of poultry. This appears clear in both the indictment and the judgment. Poultry is property, and, being admittedly worth more than $20, the requirements of Section 13008 are met, and the sentence of ten years may be imposed.

We can see no error in the sentence imposed on this indictment.

The lower court, upon the plea of guilty by the appellant to the indictment charging the appellant with the crime of larceny of a motor vehicle, sentenced the appellant to ten years at hard labor in the men's reformatory at Anamosa, Iowa, said sentence to commence at the expiration of the sentence imposed on said appellant by the lower court on February 27, 1928, for the crime of larceny.

The lower court, upon the plea of guilty by the appellant to the third indictment, charging the appellant with the crime of assault with intent to commit murder, sentenced the appellant to one year, said sentence to begin upon the expiration of the sentence imposed on the appellant on February 27, 1928, for the crime of larceny of a motor vehicle.

Section 13959 of the 1931 Code of Iowa provided as follows:

"If the defendant is convicted of two or more offenses, the punishment of each of which is or may be imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any other of the offenses."

This court, in the very recent case of State v. Van Klaveren, 208 Iowa 867, passing upon the question involved in this case, said:

"It will be observed that the court, by its judgment in Cause No. 6167, made the imprisonment of the defendant under the sentence imposed in said cause to begin at the expiration of the imprisonment imposed under the sentence in Cause No. 6114. This is permissible, under Section 13959 of the Code. In Cause No. 6114, he was duly punished for the charge contained in the first count thereof. In Cause No. 6167, he was punished for the crime therein charged. We are content with the action of the court in making the term of imprisonment in the latter cause begin with the expiration of the term of imprisonment in the former cause."

It is clear that, under the Code section and the case cited, the lower court had a right to have the sentence commence at the expiration of the imprisonment upon the other offenses. The petition of the appellant, upon its face, shows that the appellant was not entitled to the relief asked, and therefore the lower court was right in sustaining the demurrer to the appellant's petition.—Affirmed.

KINDIG, C. J., and EVANS, STEVENS, ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.