Melvin **CLEESEN**, Appellant,

v.

Lou V. **BREWER**, Appellee.

No. 55402.

Supreme Court of Iowa.

Oct. 18, 1972.

Carl A. Saunders, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Asst. Atty. Gen., and Sidney E. Drake, Deputy Lee County Atty., for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal in a postconviction proceeding presents a procedural tangle and a problem of cumulative sentences.

On October 30, 1968, Melvin Cleesen, whom we will call defendant, was sentenced for breaking and entering to a term in the penitentiary not exceeding 10 years. He began incarceration accordingly. On January 5, 1971, he was sentenced for escape to a three-year term in the penitentiary, to run consecutively to the sentence of October 30, 1968. See Code, 1971, § 745.1. On February 17, 1971, he commenced his first postconviction proceeding against the warden of the penitentiary, claiming that he was denied the right to appeal from the sentence of October 30, 1968, and that the time for appeal had expired. The warden moved for summary disposition of the proceeding, but the district court held a hearing on the merits. On May 26, 1971, the district court ruled that the sentence for breaking and entering should be set aside and that defendant should be sentenced anew so that he could appeal within the prescribed time from the new sentence for breaking and entering. The following judgment was entered:

> It is, therefore, ordered, adjudged, and decreed that the respondent's [warden's] motion for summary disposition of this matter be and the same is hereby overruled; that the judgment heretofore imposed upon the petitioner [defendant] by this Court be and the same *is hereby set aside and vacated.*

> It is further ordered and decreed that the petitioner appear in this Court on the 28th day of May, A.D., 1971, at 10:00 o'clock a. m. for the purpose of this Court passing sentence upon him. (Italics added.)

On May 28, 1971, defendant again pleaded guilty to the charge of breaking and entering, and the district court sentenced him to a term in the penitentiary not exceeding 10 years, with credit for previous incarceration. The court did not specify whether the term ran concurrently with or consecutively to the three-year term for escape imposed on January 5, 1971.

On June 28, 1971, defendant served notice of appeal from the breaking and entering sentence of May 28, 1971.

On July 9, 1971, defendant commenced his second postconviction proceeding—the present one. He alleged that the warden was holding him for a total of 13 years with the escape and breaking and entering sentences running consecutively, rather than for a total of 10 years with the sentences running concurrently. The warden filed answer.

The trial court held a hearing on the merits and on December 13, 1971, adjudged that the sentences run consecutively.

Defendant did not pursue his appeal from the breaking and entering sentence of May 28, 1971, and on January 3, 1972, this court dismissed that appeal.

On January 5, 1972, defendant filed notice of the present appeal from the judgment of December 13, 1971, in the second postconviction proceeding.

The parties present two main questions in this appeal. Did the trial court have jurisdiction to entertain the second postconviction proceeding? Do the sentence for escape and the second sentence for breaking and entering run concurrently or consecutively?

I. *Jurisdiction.* Although the point was not raised before the trial court, the warden now contends that court had no jurisdiction to entertain the second postconviction proceeding because the proceeding involved the second sentence in the breaking and entering case which was then on appeal to this court. Hence, the warden says, this court has no jurisdiction either.

■ The warden is right that during the pendency of defendant's appeal from the second breaking and entering sentence, the district court had no jurisdiction to proceed further with that prosecution except to enforce the sentence if bail was not put in. State v. Hellickson, 162 N.W.2d 390 (Iowa). But the second postconviction proceeding was not *in that prosecution.* The postconviction proceeding involved the effect of the sentence in that prosecution (as well as the sentence for escape), but it was a separate proceeding.

The situation is somewhat analogous to cases involving pleas in abatement based on the pendency of an action or appeal involving the same subject matter. The court has *jurisdiction* in the second case, but the defendant may be entitled to have that case abated until disposition of the pending one.

1 Am.Jur.2d Abatement, Survival & Revival § 11 at 48–50, § 15 at 52–54; 21 Am. Jur.2d Criminal Law § 468 at 464, § 470 at 465; 1 C.J.S. Abatement & Revival § 17 at 50–52, § 73 at 116; 22 C.J.S. Criminal Law § 427b(3) at 1215–1216. In the present situation, we think the trial court had jurisdiction to entertain the second postconviction proceeding, and hence we have jurisdiction.

If the warden had moved that the second postconviction proceeding be continued pending the outcome of the breaking and entering appeal, the motion would have been well taken, simply in the interest of sound judicial administration. That would be true whether such appeal was taken before or after commencement of the postconviction proceeding, for the outcome of the appeal might render that proceeding moot. But the warden did not move that the postconviction proceeding be continued. Instead, he went forward on the merits. We hold the trial court had jurisdiction to entertain the proceeding. (As events turned out, the breaking and entering appeal was dismissed and the postconviction proceeding did not become moot.)

II. *Consecutive or Concurrent Sentences?* Defendants' claim in his first postconviction proceeding was that he was not permitted to appeal from the first breaking and entering sentence. He did not assert other grievances in that proceeding.

■ When a defendant in a criminal case claims that he was improperly denied his right of appeal, and the time to appeal has expired and the facts on the claim are undisputed, the defendant should apply directly to this court for permission to take a delayed appeal. The decision on whether to permit a delayed appeal is for this court to make. See Everett v. United States, 303 F.Supp. 1170 (C.D.Cal.); Boyd v. State, 282 A.2d 169 (Me.); see also Rodriquez v. United States, 395 U.S. 327, 89 S. Ct. 1715, 23 L.Ed.2d 340. If, instead, the defendant makes such claim a ground for

relief in a postconviction proceeding in district court and the facts on the claim are undisputed, that court should, unless it sets the sentence aside on other grounds, simply enter judgment letting the sentence stand and referring the defendant directly to this court for permission to take a delayed appeal in the criminal case. But if such claim involves an issue of fact, the defendant should commence a postconviction proceeding in district court and that court should hear the evidence, find the facts, and then enter judgment letting the sentence stand and referring the defendant to this court for permission to take a delayed appeal in the criminal case in the light of the facts thus found. (Of course, either party may appeal from the district court's judgment in the postconviction proceeding.)

■ Here, however, the district court in the first postconviction proceeding sustained defendant's claim that he was denied his right to appeal and "set aside and vacated" the first sentence for breaking and entering. Two days later the court sentenced defendant on a plea of guilty to a term not exceeding 10 years for breaking and entering—without specifying that the term should be consecutive to the three-year term defendant was then serving for escape. The district court's procedure was incorrect but the court had jurisdiction to do what it did. The question to which its proceedings give rise is this: does the ten-year term run concurrently with or consecutively to the three-year term?

■ In the absence of statute, the general rule is that sentences, though pronounced at different times by different courts of the jurisdiction, run concurrently unless the court pronouncing the second sentence specifies that the sentences run consecutively. Dickerson v. Perkins, 182 Iowa 871, 166 N.W. 293; Bernklau v. Bennett, 162 N.W.2d 432 (Iowa); Herman v. Brewer, 193 N.W.2d 540 (Iowa); 21 Am. Jur.2d Criminal Law §§ 547–548 at 523–525; 24B C.J.S. Criminal Law § 1996(2) at 661. Iowa has two statutes on the subject. The general statute, § 789.12 of the Code, reflects the common law:

> If the defendant is convicted of two or more offenses, the punishment of each of which is or may be imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any other of the offenses.

This statute encompasses sentences pronounced at different times by different courts of Iowa; if the court pronouncing the second sentence does not specify such sentence runs consecutively, the sentences run concurrently. Dickerson v. Perkins, supra.

The other statute is the penalty provision for escape, § 745.1, which requires that the defendant's term for that crime "commence from and after the expiration of the term of his previous sentence." See 24B C.J.S. Criminal Law § 1996(4) at 672.

■ After defendant's original sentence for breaking and entering was vacated, the only sentence in effect was the one for escape. When the second sentence for breaking and entering was pronounced, that escape sentence was in effect. The general statute in § 789.12 applied. The sentencing court did not order the breaking and entering sentence to run consecutively to the existing escape sentence. Consequently, the sentences run concurrently.

We cannot accept the warden's argument that although the original sentence for breaking and entering was "set aside and vacated," somehow it is resurrected for the purpose of making the escape sentence consecutive as originally ordered. The first breaking and entering sentence either was set aside or it was not. Actually, it was set aside and a new sentence was imposed. Because of the new sentence, the warden can validly hold defendant for breaking and entering as he is now doing.

We hold the two sentences run concurrently.

Reversed.