STATE of Iowa, Appellee,

v.

L. T. JONES, Appellant.

No. 63671.

Supreme Court of Iowa.

Dec. 17, 1980.

Alfredo G. Parrish and Linda Del Gallo of Parrish & Del Gallo, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Julie F. Pottorff, Asst. Atty. Gen., and Michael P. Short, Lee County Atty., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This criminal appeal involves a problem of consecutive sentencing.

Defendant L. T. Jones was under commitment to the penitentiary at Fort Madison pursuant to a prior sentence. At the time in question he was in custody of officers who were returning him to the penitentiary from University Hospitals in Iowa City. He escaped from the officers and, while on escape, operated a truck without the owner's consent. Subsequently he was apprehended and taken to the penitentiary.

In a single trial information, the county attorney charged defendant with four crimes. A jury found defendant guilty of two of them: escape and operating the truck without the owner's consent. Escape is a class D felony, § 719.4(1), The Code 1979, carrying a sentence of imprisonment for no more than five years. § 902.9(4) (a fine up to $1000 may also be imposed). Operating a self–propelled vehicle without the owner's consent is an aggravated misdemeanor, § 714.7, punishable by imprisonment as prescribed by the court not exceeding two years, or by a fine not exceeding $5000, or by both. § 903.1(1).

Section 901.8 of the Code provides:

If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence. If a person is sentenced for escape under section 719.4 or for a crime committed while confined in a detention facility or penal institution, the sentencing judge shall order the sentence to begin at the expiration of any existing sentence. If consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment.

The trial court held a sentencing hearing on the verdicts, taking up the escape verdict first and sentencing defendant to a term

not exceeding five years "to commence at the expiration of any previous sentence." The court then took up the verdict of operating without consent, sentencing defendant to a term of two years.

The State filed a motion to correct sentence. After another hearing, the court changed the sentence for operating without consent to a term of two years "to commence at the expiration of any existing sentence."

Defendant appealed. The appeal presents three issues: (1) Could defendant be considered "confined" in the penitentiary at the time he operated the truck? (2) Is a consecutive sentence for operating the truck without consent cruel and unusual punishment? and (3) Do the sentences for escape and for operating without consent run concurrently or consecutively as to each other?

■■■ I. Questions corresponding to the first two issues in this appeal were decided adversely to defendant's position in *State v. Jones*, 298 N.W.2d 296 (Iowa 1980). Hence we now decide those issues adversely to defendant.

■■ II. Regarding the third issue, the State claims that the escape and operating without consent sentences run consecutively while defendant contends they run concurrently, as to each other. Another case which involved a consecutive–concurrent sentence problem necessitated a second lawsuit to resolve the question. *Bernklau v. Bennett*, 162 N.W.2d 432 (Iowa 1968). To avoid that necessity, we now construe section 901.8 and the present sentences. *See State v. Young*, 292 N.W.2d 432, 435 (Iowa 1980).

In the *Jones* case the defendant, while under commitment to the penitentiary pursuant to a prior sentence, committed robbery outside the prison walls. In the present case defendant, while under commitment to the penitentiary pursuant to a prior sentence, committed escape *and* operating without consent while outside the prison. He was simultaneously found guilty of both of those crimes and a single

hearing for sentencing was held. Unquestionably the sentence for escape must run consecutively to the prior sentence defendant was serving. Under the *Jones* case, the sentence of this defendant for operating without consent also must run consecutively to the prior sentence he was serving. The question in this case, however, is whether the sentences for escape and for operating without consent run consecutively *as to each other*. The alternative is that the sentences for escape and for operating without consent run concurrently as to each other but consecutively to the previous sentence defendant was serving. The problem has two aspects: whether three consecutive sentences are mandatory, and whether three consecutive sentences are permissible as a matter of discretion.

A. Whether three consecutive sentences are mandatory turns on the meaning of the words "any existing sentence" in the second sentence of section 901.8. Do those words mean any sentence existing when the inmate *commits* a subsequent crime or when he is later *sentenced* for that subsequent crime? When defendant was sentenced for escape he had not been sentenced for operating without consent, but when he was sentenced for operating without consent he had been sentenced for escape. Does this mean the sentence for operating without consent had to run consecutively to the escape sentence as well as to the sentence defendant was under when he escaped?

A decision involving a similar problem is the *Bernklau* case, which involved section 745.1, The Code 1966. Section 745.1 prescribed imprisonment of an inmate for a term not exceeding five years for the crime of escape, "to commence from and after the expiration of the term of his *previous sentence*." (Emphasis added.)

Bernklau was serving ten years for forgery and was paroled. He subsequently violated his parole by leaving the territory—itself a crime under section 745.3, punishable the same as escape. He was apprehended and returned to prison. Thereafter he escaped, and was apprehended, returned to prison, convicted under section

745.1 for the escape, and sentenced to a term not exceeding five years to run consecutively to the prior forgery sentence. Later he was convicted under section 745.3 for the parole violation and sentenced to a term not exceeding five years to run concurrently with the escape sentence. The question was whether the parole violation sentence had to run consecutively to the escape sentence.

The answer in *Bernklau* turned on the meaning of the words "previous sentence" in section 745.1, incorporated into section 745.3 by reference. The Attorney General had previously ruled that "previous sentence" means "the last sentence *entered* . . . ." Iowa Atty. Gen. Rep. 195 (1962) (emphasis added). In *Bernklau's* case that would mean the sentence for parole violation would run consecutively to the sentence for escape, which, in turn, ran consecutively to the forgery sentence. Did the words "previous sentence" mean the sentence Bernklau was under when he *committed* the parole violation or the sentences he was under when he was later *sentenced* for the parole violation?

This court pointed out that an inmate may be under more than one sentence when he escapes. Contrary to the Attorney General's position, the court held that the "previous sentence" wording meant all sentences which the defendant was under when he *committed* the crime for which he is currently being sentenced. *Bernklau*, 162 N.W.2d at 436–37 (emphasis added).

Since *Bernklau*, the General Assembly has somewhat changed the language of the applicable statute, but the *Bernklau* view is still viable. The second sentence of present section 901.8 deals with two situations: "escape," and a crime committed "while confined." In either situation the sentence runs from the expiration of any "existing" sentence.

The Attorney General urges that the change of the word "previous" in prior section 745.1 to "existing" in present section 901.8 indicates legislative intent to change the *Bernklau* rule. We are not so persuaded. A sentence *must* have been imposed at a "previous" time in order to be "existing" at the time the current sentence is passed.

In line with *Bernklau*, we believe that by any "existing" sentence the General Assembly intended any sentence the inmate was under at the time he *committed* an escape or *committed* a crime while confined. That we construed "while confined" in the *Jones* case to include an inmate outside the prison walls does not change the result. If, for example, an inmate commits a class C felony while within the penitentiary walls, his sentence for a term not exceeding ten years is consecutive to the sentence or sentences he is under when he commits the class C felony; if an inmate commits a class C felony outside the walls, the result is the same; if an inmate escapes, his sentence for a term not exceeding five years for that crime is consecutive to the sentence or sentences he is under when he escapes; and if an inmate escapes and while at large commits a class C felony, his sentences for escape and for the class C felony each run consecutively to the sentence or sentences he was under when he committed those respective crimes, but do not mandatorily run consecutively as to each other.

This means that defendant's sentences for escape and for operating without consent are each consecutive to the sentence or sentences defendant was under at the time those crimes were respectively committed, but the sentences for escape and for operating without consent are not consecutive as to each other unless they are expressly made so by the sentencing court. We thus turn to discretionary consecutive sentences.

B. We have held that a court may, as a matter of discretion, order sentences to run consecutively. Prior to the new criminal code this was done under section 789.12 of the respective Codes. *Cleesen v. Brewer*, 201 N.W.2d 474, 477 (Iowa 1972); *Herman v. Brewer*, 193 N.W.2d 540, 544 (Iowa 1972); *Clark v. Ireland*, 215 Iowa 560, 246 N.W. 262 (1933). *See also State v. Buck*, 275 N.W.2d 194, 196–97 (Iowa 1979) (power of court at common law). A court had this discretion even though the convictions of

separate offenses arose out of a single trial. *State v. Criswell*, 242 N.W.2d 259 (Iowa 1976); *Herman*, 193 N.W.2d at 544.

The first sentence of present section 901.8 continues this authority. In that provision the General Assembly speaks of "two or more separate offenses." If an inmate who is serving an original sentence escapes, commits a class C felony, and is convicted of the escape and of the class C felony, the court could make the escape and class C felony sentences consecutive as to each other if the circumstances warranted; they would each, of course, be consecutive to the original sentence.

This conclusion counters the State's argument that an inmate on escape may be tempted to commit several crimes because he knows the sentences will run concurrently with the escape sentence. Under our construction of the statute, the escape sentence and one or more of the sentences for crimes committed while on escape may all be made consecutive if the circumstances warrant. In this case, for example, the information charged defendant with escape and three other crimes while on escape. Before trial, defendant faced the *possibility* of five consecutive sentences.

C. The result in the present case is that the sentences for escape and operating without consent are each mandatorily consecutive to the sentence or sentences defendant was under when he committed those respective crimes, but the sentences for escape and operating without consent are not mandatorily consecutive as to each other. In its discretion, however, based upon the circumstances, the sentencing court could have made all three sentences consecutive or it could let the escape and operating without consent sentences run together as the law provides if the court does not otherwise order.

Did the sentencing court order the escape and operating without consent sentences to run consecutively as to each other? It stated that the escape sentence should commence at the expiration of any "previous" sentence and the operating without consent sentence should commence at the expiration of any "existing" sentence. In *Bernklau* the word previous was construed to mean the sentence or sentences the defendant was under when he *committed* the subsequent offense or offenses, and we now ascribe the same meaning to the word existing. Since defendant was not under the sentence for escape when he committed operating without consent, or vice versa, we construe the present corrected sentences to mean that those two sentences run concurrently as to each other. We think that if the trial court had intended to make those two sentences consecutive as to each other it would have said so more definitely.

We hold that the sentences for escape and operating without consent run consecutively to the sentence or sentences defendant was under when he committed those crimes, but run concurrently as to each other.

AFFIRMED.