**STATE of Iowa, Plaintiff-Appellee,**

v.

**Brian Patrick TEDROW,
Defendant-Appellant.**

**No. 85–291.**

Court of Appeals of Iowa.

Feb. 26, 1986.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Rebecca L. Claypool, Asst. Atty. Gen., and Charles G. Neighbor, Co. Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

SNELL, Judge.

Defendant Brian Patrick Tedrow pled guilty to escape in violation of Iowa Code section 719.4(1). At sentencing, the record shows that Tedrow was serving two prior felony sentences at the time of the escape—a 1981 sentence for second-degree burglary and a concurrent 1984 sentence for second-degree burglary. Tedrow requested that the consecutive sentence for escape be imposed at the end of the 1981 sentence rather than at the end of the 1984 sentence. The district court imposed a five-year indeterminate sentence for the escape conviction and ordered the escape sentence to run consecutive to the 1984 sentence. The court stated that its only alternative was to run the escape sentence consecutively with the second of Tedrow's two prior convictions. The court further stated that the sentence would provide for the rehabilitation of Tedrow and would protect the interests of society.

Iowa Code section 901.8 (1983) provides in pertinent part: "If a person is sentenced for escape under section 719.4 ... the sen-

tencing judge shall order the sentence to begin at the expiration of any existing sentence."

On appeal, Tedrow contends that this section does not mandate that the escape sentence be imposed consecutive to the last or most recent of all existing sentences. Rather, he argues that section 901.8 grants the sentencing court the discretion to impose an escape sentence consecutive to *any* of the existing sentences.

The Iowa Supreme Court in *State v. Jones,* 299 N.W.2d 679 (Iowa 1985), discussed the meaning of the phrase "any existing sentence" in section 901.8. The court found that the legislature in promulgating section 901.8 intended that if a prisoner escaped, he would serve time additional to the sentence he was serving at the time of the escape. "[I]f an inmate escapes, his sentence for a term not exceeding five years for that crime is consecutive to the *sentence or sentences* he is under when he escapes." (emphasis added) *Id.* at 682. The court therein concluded that the defendant's "sentences for escape and operating without consent are each *mandatorily consecutive to the sentence or sentences* defendant was under when he committed those respective crimes, but the sentences for escape and operating without consent are not mandatorily consecutive as to each other." (emphasis added) *Id.* at 683.

The court analyzed the construction placed on the sentencing statute for escape, Iowa Code section 745.1 (1966), in *Bernklau v. Bennett,* 162 N.W.2d 432 (1968), approved it and decided *Jones* in line with it. In *Bernklau,* the court stated: "Our independent conclusion, interpreting our own Code section 745.1, is that the escape statute requires imposition of a sentence which shall be consecutive to all sentences for which defendant is serving time when he escapes." *Id.* at 436–37.

At the time of Tedrow's escape, he was serving two concurrent sentences. We conclude that the trial court did not err in ordering that Tedrow's escape sentence must run consecutive to both of his existing sentences.

AFFIRMED.