# IN THE COURT OF APPEALS OF IOWA

No. 16-0493
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**ANTHONY STIVERS,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.


        The State seeks discretionary review of the district court's ruling on a defendant's motion to correct an illegal sentence.  **AFFIRMED.**


        Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellant.

        Philip B. Mears of Mears Law Office, Iowa City, for appellee.


        Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

In this appeal, we are asked to decide whether a court may order multiple special sentences to be served consecutively, following a defendant's convictions for certain offenses that mandate the imposition of a special sentence under Iowa Code section 903B.2 (2006). Because we conclude the sentencing order in this case did not impose consecutive special sentences, we decline to address this question and affirm the district court's decision.

## I. Background Facts and Proceedings

On October 30, 2006, Anthony Stivers pled guilty to two counts of lascivious acts with a child, in violation of Iowa Code section 709.8(1). On April 23, 2007, the sentencing court sentenced Stivers to two terms of imprisonment not to exceed five years. The court ordered the terms to run consecutively. Stivers's convictions also each carried a mandatory ten-year special sentence of supervision by the Iowa Department of Corrections (Iowa DOC) under section 903B.2. *See* Iowa Code § 903B.2 ("A person convicted of a misdemeanor or a class 'D' felony offense under chapter 709, section 726.2, or section 728.12 shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906."). The sentencing order states:

> Pursuant to Iowa Code [section] 903B.2, the defendant is committed to the custody of the director of the Iowa Department of Corrections for a period of ten (10) years with eligibility for parole as provided in chapter 906. The special sentence shall commence upon completion of the sentence of confinement as if on parole.

Because the sentences for Stivers's underlying convictions were to run consecutively, the Iowa DOC assumed two special sentences were imposed and they should run consecutively.[1]

On January 27, 2016, Stivers filed a motion to correct an illegal sentence, claiming the sentencing court lacked the authority to order special sentences to run consecutively under section 903B.2. In ruling on Stivers's motion to correct an illegal sentence, the district court relied on a recent unpublished case from this court, *State v. Maklenburg*, No. 14-1268, 2015 WL 2394145 (Iowa Ct. App. May 20, 2015), as persuasive authority[2] and determined the sentencing court lacked the authority to order special sentences under 903B.2 to run consecutively.[3] In the alternative, the court also interpreted the sentencing order as imposing concurrent special sentences under 903B.2:

> This court is also persuaded by an alternative approach that is inconsistent with *Maklenburg* but follows a generally accepted principle of Iowa law. In reading and interpreting [the] sentencing order, the court notes that the [sentencing court] was very clear that the sentences of imprisonment were to be consecutive. There is nothing in [the sentencing] order that indicates that [the court] intended to impose consecutive special sentences under 903B.2. Where the sentencing court does not definitively indicate an intention to run sentences consecutively, the sentences are concurrent. *See State v. Jones*, 299 N.W.2d 679 (Iowa 1980); *Cleesen v. Brewer*, 201 N.W.2d 474 (Iowa 1972).

The supreme court granted the State's application for discretionary review and then transferred the case to this court.

---

[1] The State asserts the Iowa DOC's practice is to treat multiple special sentences as consecutive if the sentences for the underlying convictions are consecutive and to treat them as concurrent if the sentences for the underlying convictions are concurrent.

[2] *See* Iowa R. App. P. 6.904(2)(c) ("Unpublished opinions or decisions shall not constitute controlling legal authority.").

[3] Because Stivers's discharge date had passed if the special sentences were run concurrently, the district court ordered his release. The State sought a stay pending appeal, but the stay was denied by our supreme court.

## II. Standard of Review

We review rulings on motions to correct an illegal sentence for errors at law. *State v. Maxwell*, 743 N.W.2d 185, 190 (Iowa 2008).

## III. Mootness

Both parties allude to the possibility that the issue on appeal is moot because Stivers has discharged his sentence. However, the State argues we should decide the issue because "the issue is of public concern, authoritative guidance is needed on the topic, the issue is likely to occur in the future and the issue is likely to evade review."

Generally, we do not decide cases when the underlying controversy is moot. *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005). "[O]ur test of mootness is whether an opinion would be of force or effect in the underlying controversy." *Wengert v. Branstad*, 474 N.W.2d 576, 578 (Iowa 1991). "In other words, will our decision in this case 'have any practical legal effect upon an existing controversy.'" *Iowa Mut. Ins. Co. v. McCarthy*, 572 N.W.2d 537, 540 (Iowa 1997) (citations omitted).

Although Stivers discharged his special sentence following the district court's ruling and the subsequent denial of the State's request for a stay, we do not believe the issue on appeal is moot. If we were to reverse the district court's ruling and determine the original sentencing court lawfully ordered Stivers's special sentences to run consecutively, our ruling would have the practical effect of returning Stivers to the supervision of the Iowa DOC until his original discharge date in 2020. Thus, our ruling "would be of force or effect in the underlying controversy," and the issue is not moot. *See Wengert*, 474 N.W.2d at 578.

**IV.    Sentence**

The State requests we address the issue raised in *Maklenburg* and hold that courts have the authority to impose special sentences that run consecutively. However, we decline to reach the issue because we agree with the district court's interpretation of the sentencing order in this case. In Iowa, multiple sentences are generally construed to run concurrently unless the sentencing order specifically orders consecutive sentences. *See* Iowa Code § 901.8 (providing judges with the discretion to order consecutive sentences); *see also State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (holding that a sentencing court must explain its reasons for imposing consecutive sentences). First, we assume because of the sentencing requirement of section 903B.2, the sentencing court imposed two special sentences. While the trial court explicitly ordered the sentences for Stivers's underlying conviction to run consecutively, the court did not explicitly order the special sentences to run consecutively. Absent such an explicit pronouncement, the special sentences that were mandated with Stivers's underlying convictions should have been construed as concurrent. Thus, we agree with the district court's interpretation of the sentencing order and affirm.

**V.    Conclusion**

Because we agree with the district court the sentencing order did not explicitly order the special sentences to run consecutively, we affirm the district court's grant of Stivers's motion to correct an illegal sentence.

**AFFIRMED.**