# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-1306
Filed January 7, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Christopher Wayne Kackley,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Adam D. Sauer, Judge.

————————————

**AFFIRMED**

————————————

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

————————————

Considered without oral argument
by Chicchelly, P.J., Sandy, J., and Doyle, S.J.
Opinion by Doyle, S.J.

**DOYLE, Senior Judge.**

Christopher Kackley appeals from the order resentencing him after a remand. He contends (1) the district court abused its discretion by running his sentences consecutive to a sentence imposed for a separate offense, (2) the prosecutor breached the plea agreement by recommending consecutive sentences, and (3) the imposition of consecutive sentences is evidence of judicial vindictiveness, violating his right to due process under the Iowa Constitution. The State contends that the sentencing order for the separate offense renders Kackley's claims moot.

## I. Background Facts and Proceedings.

In 2023, Kackley pled guilty to third-degree burglary, possession of burglar's tools, and possession of methamphetamine in case number FECR031866. After accepting his pleas, the district court sentenced Kackley to five years in prison for burglary, two years in prison for possession of burglar's tools, and two days in jail for possession of methamphetamine. The court ordered the sentences to run concurrently.

Kackley appealed his sentences, arguing the district court did not provide adequate reasons on the record. After the supreme court transferred the appeal to this court, we agreed with Kackley. *State v. Kackley*, No. 23-1031, 2024 WL 1757553, at *3 (Iowa Ct. App. Apr. 24, 2024). We "vacate[d] the sentence and remand[ed] for resentencing" but "[did] not express an opinion on what the new sentence will be once the court explains its rationale." *Id.*

While Kackley's appeal was pending, he pled guilty to one count of possession of contraband in jail in case number FECR032253. The court sentenced Kackley to a five-year prison term, which it ordered to run

consecutive to his sentences in case number FECR031866. Kackley did not appeal his conviction or sentence in case number FECR032253.

On remand, the district court scheduled a sentencing hearing and ordered an updated presentence investigation report. The State argued that the court need not consider whether to run Kackley's sentences in case numbers FECR031866 and FECR032253 consecutively because Kackley never appealed the latter conviction and sentence and, therefore, they stand. But if the court believed it had the authority to "overrule" the consecutive sentences imposed in FECR032253, the State asked the court to order Kackley to serve the sentences consecutively. Kackley argued that vacating the sentence in FECR031866 rendered the order to run the sentence in FECR032253 consecutive to it "moot."

The district court imposed the same sentences it originally imposed in case number FECR031866 but gave more detailed reasons. The court also addressed whether it could impose consecutive sentences in FECR031866 to the sentence in FECR032253. Because the original sentence imposed in FECR031866 was vacated and resentencing occurred after the imposition of his sentence in FECR032253, the court concluded it could order the sentences to run concurrently or consecutively:

> Mr. Kackley, I believe because I'm sentencing you today that I have the ability and the authority to order this sentence to be either concurrent or consecutive to [the sentence in FECR032253]. Now, I'm doing that just based on my gut feeling because I can't find anything in Iowa cases that tell me I can or can't do this. . . . I don't believe that there's any case law or direction that I have that says that I can or can't do this. I believe it's efficient to do it this way, and I also believe that because this is a sentence that is starting today, that I have the ability to order concurrent or consecutive to any prior judgment and sentences.
>
> So with that being said, when I look at concurrent versus consecutive, I look at the totality of the circumstances. But ultimately,

3

[FECR032253 is a] completely separate incident, different date of offense, different conviction level, it's not even the same type of a charge from what I can gather. And so based on the fact that these are two totally isolated events, I believe that this sentence should run consecutive to the sentence [imposed in FECR032253].

And like I said, I do that because I'm looking at the criminal history, the seriousness of these offenses, and I'm looking at it from the standpoint of this offense is completely unrelated to the judgment and sentence [imposed in FECR032253]. They're not the same. They're not arising out of the same fact and scenario.[1]

Kackley appeals the sentencing order. He challenges the district court's authority to impose consecutive sentences following remand and contends the prosecutor breached the plea agreement by recommending consecutive sentences. He also contends that the imposition of consecutive sentences evinces the sentencing court's judicial vindictiveness, which violates his right to due process under the Iowa Constitution.

## II. Motion to Affirm.

After Kackley appealed but before the appeal was submitted, the State moved to affirm under Iowa Rule of Appellate Procedure 6.1006. That rule allows the appellee to move the "appellate court to affirm the order or judgment" being appealed "on the ground that the issues raised by the appeal are frivolous." Iowa R. App. P. 6.1006(2). Kackley resisted the motion, and the supreme court ordered it submitted with the appeal. So we begin our analysis by addressing the motion.

The State contends that we can affirm on appeal because Kackley's claims are moot. "The key in assessing whether an appeal is moot is

---

[1] For ease of reading, we have redacted the transcript to remove affirmative interjections that indicate active listening but provide no additional value to the reader.

determining whether the opinion would be of force or effect in the underlying controversy." *State v. Hightower*, 8 N.W.3d 527, 544 (Iowa 2024) (citation omitted). The State notes that Kackley's brief acknowledges that the sentencing court in FECR032253 "had the authority to determine whether the sentences should run concurrently or consecutively to the sentences imposed in this matter." The State then concludes that "it does not matter whether the district court in FECR031866 had the authority to superfluously run the sentences consecutively because, regardless of the outcome of this appeal, the order of judgment in FECR032253 still requires [Kackley] to serve that sentence consecutively with FECR031866."

We agree that the district court in FECR032253 could order Kackley's sentence in that case to run consecutive to the sentences in FECR031866. Iowa Code section 901.8 (2024) states that "[i]f a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." Because Kackley was convicted of two or more separate offenses, the court in FECR032253 could order the sentence for Kackley's possession-of-contraband conviction to run consecutive to the sentences imposed in FECR031866. But after it did so, this court vacated Kackley's sentence in FECR031866. This "effectively wiped the slate clean." *Pepper v. United States*, 562 U.S. 476, 507 (2011); *accord Hewitt v. United States*, 606 U.S. 419, 431 (2025) ("By operation of legal fiction, the law acts as though the vacated order never occurred."). The question we must resolve is whether the portion of the sentencing order requiring Kackley to serve consecutive sentences remains in effect after vacatur of the sentences originally imposed in FECR031866.

5

The supreme court addressed a similar "procedural tangle" in *Cleesen v. Brewer*, 201 N.W.2d 474, 475 (Iowa 1972). There, a defendant serving a ten-year term in prison for breaking and entering was then convicted of escape and sentenced to serve a three-year term consecutive to it. *Cleesen*, 201 N.W.2d at 475. The sentence for breaking-and-entering was later vacated. *Id.* At the defendant's resentencing, the court imposed the same ten-year sentence originally imposed, but it did not specify whether the term ran concurrently or consecutively to his sentence for escape. *Id.* On appeal, the supreme court faced the question of whether "the sentence for escape and the second sentence for breaking and entering run concurrently or consecutively." *Id.* at 476. It noted that generally, sentences pronounced at different times by different courts "run concurrently unless the court pronouncing the second sentence specifies that the sentences run consecutively." *Id.* at 477. Because the second breaking-and-entering sentencing order was silent on the question, the court held that the sentences ran concurrently:

> After defendant's original sentence for breaking and entering was vacated, the only sentence in effect was the one for escape. When the second sentence for breaking and entering was pronounced, that escape sentence was in effect. The general [rule] applied. The sentencing court did not order the breaking and entering sentence to run consecutively to the existing escape sentence. Consequently, the sentences run concurrently.

> We cannot accept the warden's argument that although the original sentence for breaking and entering was "set aside and vacated," somehow it is resurrected for the purpose of making the escape sentence consecutive as originally ordered. The first breaking and entering sentence either was set aside or it was not. Actually, it was set aside and a new sentence was imposed. Because of the new sentence, the warden can validly hold defendant for breaking and entering as he is now doing.

6

*Id.* In other words, vacating the breaking-and-entering sentence rendered null the requirement that the defendant serve his escape sentence consecutively. The question of how to serve the sentences for separate offenses was left to the resentencing court to decide.

Likewise, Kackley's first appeal vacated the sentences imposed in FECR031866. Thus, at the time of resentencing, the only sentence in effect was the sentence imposed in FECR032253. There were no other sentences to which the sentence in that case could run consecutively, so that portion of the sentencing order in FECR032253 is of no effect. As a result, the imposition of consecutive sentences in the resentencing order is not moot. We thus deny the State's motion to affirm.

### III. Sentencing Errors.

We turn then to Kackley's sentencing challenges, which we review for correction of errors at law. *See State v. Cole*, 23 N.W.3d 231, 236 (Iowa 2025). Because there is a strong presumption in favor of sentences that fall within the statutory limits, we will overturn them only if the sentencing court abused its discretion or considered inappropriate matters. *See State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024). The question is whether the sentencing decision was unreasonable or based on untenable grounds. *See id.*

### A. Authority.

Kackley first contends that the district court exceeded its authority by ordering his sentences to run consecutive to the sentence imposed in FECR032253. In Kackley's view, we remanded for the district court to expound on the reasons for the sentences it imposed on the three convictions stemming from FECR031866—nothing more. Although we did remand for resentencing because the sentencing court failed to give adequate explanation

for the sentences it imposed, there is nothing in our prior decision that limits the court to imposing the same sentences on remand. Rather, "[w]e [did] not express an opinion on what the new sentence will be once the court explains its rationale." *Kackley*, 2024 WL 1757553, at *3. And we suggested that the court had latitude to impose a different sentence on remand. *Id.* (citing *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979)).

As noted above, the court had authority to impose consecutive sentences because it was sentencing Kackley for "two or more separate offenses." Iowa Code § 901.8. The authority to impose consecutive sentences derives from the order in which the sentences are imposed, not the order of the crimes or convictions. *See State v. Sumpter*, 438 N.W.2d 6, 9-10 (Iowa 1989) (rejecting a defendant's challenge to court's authority to run his second-degree-murder sentence consecutive to sentences he was serving for offenses that occurred after the murder, noting that section 901.8 does not contain "any sort of temporal prohibition on consecutive sentencing"); *State v. Hogge*, 420 N.W.2d 458, 460 (Iowa 1988) ("We conclude that when a sentencing judge is faced with a revocation of probation, the judge is to proceed as if the revocation hearing were the original sentencing, and may provide that the sentence imposed be served concurrently or consecutively to other existing sentences. The district court did not exceed its authority in ordering that the sentence imposed be served consecutively with the separate sentence imposed by the Iowa District Court for Scott County."). The district court did not exceed its authority by ordering Kackley's sentences to run consecutive to the sentence imposed in FECR032253.

## B. Breach of the Plea Agreement.

Kackley also contends that the State breached the plea agreement at resentencing by recommending that the court run his sentences consecutive

to the sentence imposed in FECR032253. Breach of a plea agreement is a defect in the sentencing procedure requiring resentencing regardless of its effect on the sentencing court's decision. *See State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022). The problem is that Kackley cannot show a breach because the plea agreement was silent on FECR032253, which involves an offense committed after the plea agreement was reached and the original sentence was imposed in this case. Thus, Kackley's claim fails.

## IV. Constitutional Violation.

Finally, Kackley contends that the sentencing court violated his due process rights by imposing consecutive sentences, which constitutes judicial vindictiveness. Because Kackley's claim of judicial vindictiveness implicates his constitutional right to due process, we review it de novo. *See State v. Mitchell*, 670 N.W.2d 416, 418 (Iowa 2003).

Kackley bases his claim of judicial vindictiveness on the increased length of his overall sentence. *See id.* at 423 (noting that "an increase in sentence length between a first and second trial is a red flag for possible judicial vindictiveness in sentencing"). But this case is unlike cases in which defendants were given harsher sentences as punishment for challenging a conviction or sentence on appeal. *See id.* ("[T]he imposition of 'a harsher sentence upon reconviction for the purpose of punishing a defendant for exercising his rights in seeking to have the conviction set aside is a flagrant violation of due process of law.'" (citation omitted)). The increase in Kackley's sentence results from the court running his sentences consecutive to his sentence for a separate offense that he committed after his conviction and original sentencing in this case. Nothing in the record shows judicial vindictiveness.

**V. Conclusion.**

Having considered Kackley's claims and finding they lack merit, we affirm his sentences.

**AFFIRMED.**